## MORRIS v PORTAGE SILVER FOX FARM, INC., et

Ohio Appeals, 9th Dist, Summit Co.

No. 3050. Decided Oct. 18, 1938.

C. H. McGinley, Akron, and B. E. Bayless, Akron, for appellee.

Herbert S. Duffy, Atty Gen., Columbus; Eugene Carlin, Asst. Atty. Gen., Columbus, and C. L. Hawthorne, Asst. Atty. Gen., Columbus, for appellant.

## OPINION

By DOYLE, J.

The plaintiff below, appellee here, was employed by the Portage Silver Fox Farm, Inc., a defendant below, and while performing the duties of his employment received an accidental injury of a serious character. The X-rays disclosed a compression fracture of the outer and upper border of the second lumbar vertebra. The said Portage Silver Fox Farm, Inc., in violation of the state Workmen's Compensation laws, had failed to contribute to the state insurance fund and had not qualified as a "self-insurer" under the provisions of the act.

Following the injury, the plaintiff was confined in a hospital for treatment. Later the cast on his crushed back was removed, a "Jackson steel brace" fitted, and he was permitted to again work for the company. His condition necessitated light work only. Approximately nine months after the accident, the said plaintiff was taken to an Akron attorney, where he signed the following "release of claim for unliquidated damages":

"KNOW ALL MEN BY THESE PRESENTS:

"That I, Samuel Morris, of Tallmadge Township, Summit County, Ohio, for and in consideration of the sum of Fifty Dollars ($50.00) received to my full satisfaction of Portage Silver Fox Farm, do for myself, my executors, administrators and assigns, hereby release and forever discharge said The Portage Silver Fox Farm, together with its successors and assigns, from all debts, claims, demands, damages, actions, and causes of action whatsoever,

and including such as have arisen by reason of or in any manner growing out of injuries received by me during the month of October, 1930, in the Village of Cuyahoga Falls, Ohio, while riding a certain horse owned by and belonging to the Portage Silver Fox Farm, said injuries having been received by me by reason of being thrown from said horse while in the act of riding said horse.

"I also acknowledge receipt of payment to me, in addition to the $50.00 above named, all of my hospital expenses, doctors' bills and wages from the time of receiving said injuries to the present time.

"It is further understood and agreed by and between said the Portage Silver Fox Farm and myself, that the payment of the sum herein named and said various other sums paid shall in no wise be construed to be an acknowledgment of legal liability for the payment of said injuries or any injuries arising by reason of said accident.

"In Witness Whereof, I have hereunto set my hand at Akron, Ohio, this 17th day of July, A. D. 1931.
"Signed by mark and          his
delivered in presence Samuel (X) Morris
of:                          mark
"Arthur S. Mottinger
"Mary E. Farver
"STATE OF OHIO,
SUMMIT COUNTY, SS.:

"Personally appeared before me, the undersigned Notary Public, Samuel Morris, who acknowledged the signing of the foregoing to be his free act and deed for the purposes intended.

"In Witness Whereof, I have hereunto set my hand and seal this 17th day of July, A. D. 1931.
                "Arthur S. Mottinger
[Seal]          "Notary Public."

Ten months subsequent to the execution of the claimed release, the plaintiff filed, with the Industrial Commission of Ohio, an application for an award for compensation for his injuries. The commission denied the application. Within the statutory period an application for a rehearing was filed, and, upon final hearing of this application, the commission again denied the claim, for the stated reason that it was without jurisdiction. The Industrial Commission admitted in its defense that the plaintiff's injuries were received in the course of his employment, and that the employer had failed to comply with the Workmen's Compensation law, but specifically asserted in defense that the plaintiff was estopped from seeking further compensation because he had executed to his employer a release of claim for a money consideration.

The plaintiff appealed to the Court of Common Pleas of Summit county from the ruling of the commission. Judgment was there entered in favor of the plaintiff.

The Industrial Commission now has perfected its appeal to this court on questions of law, and seeks a reversal of the judgment of the Court of Common Pleas and final judgment in its favor.

The sole claim of the appellant, The Industrial Commission of Ohio, both in argument and in brief, is that "so long as there is extant a release, or alleged release, between the employe and employer, and where the employer is in noncompliance with the Workmen's Compensation act, such release is binding until it may have been determined to have been an invalid release, and that such determination is not within the province of the court where the the employer was or is a noncomplier."

Sec. 1465-74, GC, provides:

"Any employee whose employer has failed to comply with the provisions of §1465-69, who has been injured or has suffered an occupational disease in the course of his employment, and which was not purposely self-inflicted, or his dependents in case death has ensued, may, in lieu of proceedings against his employer by civil action in the courts, as provided in §1465-73, file his application with the commission for compensation and the commission shall hear and determine such application for compensation in like manner as in

other claims and shall make such award to such claimant as he would be entitled to receive if such employer had complied with the provisions of §1465-69 * * *."

**Sec. 1465-94, GC,** provides:

"No agreement by an employe to waive his rights to compensation under this act shall be valid, except that an employe who is blind may wave the compensation that may become due him for injury or disability in cases where such injury or disability may be directly caused by or due to his blindness. * * *."

The sections of this act manifest the general purpose to secure to employees the benefits it provides, whether the employer has complied with its provisions or whether it has not. And the act further manifests the purpose to protect employees even from their own agreements as to compensation which they may make with employers.

The release heretofore referred to, however, has reference to the employee's recovery against the employer under favor of §1465-73, GC, and does not relate in any way to his right to recover compensation from the Industrial Commission under favor of §1465-74, GC, supra, and if it could be construed as relating to the latter, it is invalid and unenforceable under §1465-94, GC. It is therefore not necessary, as a condition precedent to the claimant's right to enforce his claim against the commission for compensation, to set aside or have declared invalid the said release. And when such release was brought to the attention of the Industrial Commission in this application, it was the said commission's duty to ignore the same, and, upon the undisputed facts, to make an appropriate award under the provisions of the act.

Judgment affirmed.

STEVENS, PJ. and WASHBURN, J., concur.